UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| KELLY KNIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| IOWA COLLEGE ACQUISITION, LLC | ) |
| d/b/a KAPLAN UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Kelly Knight complains against Defendant Iowa College Acquisition, LLC, doing business as Kaplan University, as follows:

## SUMMARY OF THE ACTION

1. Plaintiff complained to Defendant about violations of federal law. In response, Defendant failed to hire her for a position for which she was highly qualified. Three months later, Plaintiff requested permission to work from home to accommodate her disability, a request that had been granted six months earlier. Defendant denied the request under false and misleading pretenses, continued to discriminate and retaliate against Plaintiff, and in December 2015, wrongfully terminated Plaintiff. Plaintiff brings four counts of discrimination and retaliation under the Maine Human Rights Act, 5 M.R.S. §§ 4572 and 4633 ("MHRA"), the Americans with Disabilities Act (as amended), 42 U.S.C. § 12112 ("ADA"), and the Maine Whistleblowers' Protection Act, 26 M.R.S. § 833 ("MWPA").

1

## PARTIES

2.     Plaintiff Kelly Knight is a resident of Windham, Maine. Between 2007 and March 2015, she was employed as Kaplan's Maine-based Director of Financial Aid, and, from March 2015 to her termination in December 15, 2015, as "Finance Manager".

3.     Defendant Iowa College Acquisition, LLC is a Florida limited liability company which does business in the State of Maine and elsewhere as Kaplan University, a for-profit educational institution offering post-secondary education certificates and degrees to thousands of students across the United States.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332.

9.     Venue is proper in the District of Maine under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Maine. Under Rule 3(b) of the Rules of this Court, this action is properly filed in Portland because the events at issue occurred in Cumberland County.

10.    Plaintiff has exhausted all necessary administrative remedies and otherwise met all conditions before commencing suit on this matter. On August 15, 2016, MHRC issued Plaintiff a "Notice of Right to Sue" letter, and on December 5, 2016, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a "Notice of Suit Rights" letter.

## JURY TRIAL DEMAND

11.     Under Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury on all issues triable to a jury.

## FACTUAL ALLEGATIONS

12.     Since 2006, Plaintiff has suffered from degenerative disc disease and arthritis. She has had multiple surgeries to address these problems, including while she was employed by Defendant. Defendant was well aware of Plaintiff's physical impairments.

13.     Plaintiff is a "qualified individual with a disability" as that term is defined and applied under the MHRA and ADA.

14.     At all material times, Plaintiff suffered from a physical impairment that substantially limits one or more of her major life activities; had a record of such an impairment; and/or was regarded by Defendant as having such an impairment.

15.     In December of 2014, Plaintiff fell at work and sustained a knee injury that required surgery and rendered her unable to drive.

16.     Plaintiff requested that Defendant accommodate her by allowing her to work from home during her recovery.  Defendant granted her request.  Plaintiff returned to work in early March of 2015.

17.     Within days of her return, Plaintiff discovered that a Kaplan University work-study student had been assigned by Defendant's Maine-based Executive Director, Anne Ryan, to a co-worker's workstation and

was given that employee's confidential log-in information to access her computer, the company network, and the employee's G-mail account.

19. Plaintiff identified this as a violation of company policy and of applicable laws and regulations regarding student privacy, including the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

19. Plaintiff reported the breach of law and policy to Defendant's Maine-based IT manager. Plaintiff also sent an email to her supervisor and to President to discuss the issue, but no one responded to her request.

20. The IT manager elevated Plaintiff's reports to Kaplan's upper management, and a string of email correspondence ensued over that weekend to correct and identify the source of the problem. Ultimately, it was discovered that Ms. Ryan was responsible for assigning the student to the employee's workstation, and giving the student the employee's confidential log-in information.

21. On March 10, 2015, Plaintiff was notified that her department was to be merged with another department, and a new director position would be created to manage the newly combined unit.

22. On March 11, 2015, Plaintiff was told to prepare application materials for the new position. She met with Melissa Prichard, National Director of Financial Aid, to discuss the position. Ms. Prichard told Plaintiff that she was very well qualified for the position.

23. On March 12, 2015, Plaintiff participated in an interview for the new position. The interview was conducted by Ms. Prichard, Lindsay Lis (Director of Maine Campus Operations), Christopher Quinn (President of Maine Campuses), and Ben Luce (Academic Dean for Maine Campuses). Executive Director Anne Ryan was <u>not</u> present during the interview.

24. On March 13, 2015, Plaintiff was notified that she was not selected for the position, and that a co-worker had been chosen instead. Plaintiff was shocked because this particular co-worker required constant assistance from Plaintiff, and was far less qualified for the position. Plaintiff was assigned to the position of Finance Manager.

25. In June of 2015, Plaintiff's back issues returned with new severity. She asked her supervisor if she could work from home as an accommodation for her disability, but was told that she could not because her new position was a "student-facing position."

26. Contrary to this assertion, Plaintiff's job description did not mention anything about her position being "student-facing," and in practice, she never met with students face-to-face unless she was covering for another employee whose job did require face-to-face meetings.

27. When Plaintiff complained and pressed the denial of her accommodation request, Plaintiff's supervisor and Ms. Ryan told her she should consider an unpaid intermittent leave of absence because she was close to using up her allotted sick-time.

28. Plaintiff declined to go on leave because she was afraid she would lose her job. She continued to work on campus while in significant physical pain and mental stress.

29. In early July, 2015, Plaintiff applied for and was approved to take FMLA leave. Due to the increased physical pain and stress associated with work conditions, Plaintiff went to her doctor on July 7, 2015 and was hospitalized for major depression on or about July 17, 2015.

30. On October 9, 2015, Defendant informed Plaintiff that her employment would be terminated when she transitioned to long-term disability leave, which was to take place in December 2015.

31. Plaintiff again requested that Defendant allow her to work from home, rather than terminate her employment. Defendant denied the request, and her termination became effective December 11, 2015.

32. On January 5, 2016, Plaintiff filed a Charge of Discrimination (*pro se*) with MHRC, alleging disability discrimination.

33. On March 9, 2016, Defendant filed Responses to the Charge. Defendant included as an exhibit to the response a written statement from Ms. Ryan, in which she states that she "remembered [Plaintiff's] interview demeanor" as "underprepared," "overly confident" and "joke-y". In addition to her "recollections", Ms. Ryan quoted some of Plaintiff's alleged comments during the interview.

34. However, on March 28, 2016, Defendant submitted a revised Response in which it retracted Ms. Ryan's statements because Ms. Ryan later "remembered" that <u>she was not present</u> during the interview.

35. Plaintiff filed a Reply to Defendant's Response on May 6, 2016. Along with the Reply, Plaintiff filed an amendment to her Charge to include retaliation claims arising out of the same course of conduct as set forth in the original Charge. A copy of the Reply is attached hereto as <u>Exhibit 1</u> and the Amendment is attached hereto as <u>Exhibit 2</u>.

## <u>COUNT I</u>
### (Disability Discrimination – Disparate Treatment – MHRA and ADA)

36. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-35 of this Complaint.

37. Plaintiff is a qualified individual with a disability who was able to perform the essential functions of her job with or without reasonable accommodations.

38. As set forth above, Defendant discriminated against Plaintiff with respect to the terms, conditions or privileges of her employment based on her disability, or, alternatively, on Defendant's perception that Plaintiff was disabled; treated Plaintiff differently than other employees who were not disabled; subjected Plaintiff to intolerable working conditions; and denied without justification Plaintiff's requests for reasonable accommodations.

39. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MHRA and ADA:

    A. Reinstatement, or front pay in lieu of reinstatement;
    B. Back pay from December 2015, with prejudgment interest;
    C. Compensatory damages;
    D. Punitive damages;
    E. An award of reasonable attorney's fees and all costs; and
    F. All other damages to which plaintiff may be entitled.

## COUNT II
### (Hostile Work Environment Based on Disability – MHRA and ADA)

40. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-39 of this Complaint.

41. Plaintiff is a qualified individual with a disability who was able to perform the essential functions of her job with or without reasonable accommodations.

42. As set forth above, Defendant harassed Plaintiff and created an unreasonably hostile work environment based on or in response to Plaintiff's status as a person with a disability, or, alternatively, on Defendant's perception that Plaintiff was disabled. Such harassment was sufficiently severe or pervasive so as to alter the conditions of Plaintiff's employment and create an abusive and hostile work environment. Defendant's conduct was both objectively and subjectively offensive, such

that a reasonable person would find it hostile or abusive, and Plaintiff in fact did perceive it to be so.

43. Defendant is liable for the acts and omissions of Plaintiff's supervisors, managers, and management personnel.

44. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MHRA and ADA:

   A. Reinstatement, or front pay in lieu of reinstatement;
   B. Back pay from December 2015, with prejudgment interest;
   C. Compensatory damages;
   D. Punitive damages;
   E. An award of reasonable attorney's fees and all costs; and
   F. All other damages to which plaintiff may be entitled.

## COUNT III
### (Retaliation, Interference, Coercion, or Intimidation – MHRA and ADA)

45. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-44 of this Complaint.

46. Plaintiff engaged in activity protected under the anti-discrimination provisions of the MHRA and ADA; to wit, she opposed and complained to management about the denial her requests for accommodation and filed a Charge of Discrimination with MHRC.

47. Plaintiff was subjected to adverse employment action. Defendant retaliated against Plaintiff with respect to the terms,

9

conditions or privileges of her employment; denied without justification her requests for accommodations; unlawfully interfered, intimidated, or threatened her while she exercised rights to be free from discrimination or harassment; created hostile working conditions; made false statements to justify its actions; and wrongfully terminated her employment, all because Plaintiff opposed the unlawful acts or practices of her employer, and all in violation of the MHRA and ADA.

48. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MHRA and ADA:

    A. Reinstatement, or front pay in lieu of reinstatement;
    B. Back pay from December 2015, with prejudgment interest;
    C. Compensatory damages;
    D. Punitive damages;
    E. An award of reasonable attorney's fees and all costs; and
    F. All other damages to which plaintiff may be entitled.

## COUNT IV
### (Whistleblower Retaliation – MWPA and MHRA)

49. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-48 of this Complaint.

50. Plaintiff engaged in activity protected under the MWPA; to wit, acting in good faith, she reported to her employer what she had reasonable cause to believe was a violation of a State or Federal law.

51. Plaintiff was subjected to adverse employment action. Defendant retaliated against Plaintiff with respect to the terms or conditions of her employment; failed to hire her for a position for which she was highly qualified; denied her request for accommodations; created hostile working conditions; made false statements; and wrongfully terminated her employment, all because Plaintiff made such reports and complaints, all in violation of the MWPA and MHRA.

52. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MWPA and MHRA:

    A. Reinstatement, or front pay in lieu of reinstatement;
    B. Back pay from December 2015, with prejudgment interest;
    C. Compensatory damages;
    D. Punitive damages;
    E. An award of reasonable attorney's fees and all costs; and
    F. All other damages to which plaintiff may be entitled.

Dated: February 2, 2017          Respectfully Submitted,

*/s/ James A. Clifford*
James A. Clifford
*/s/ Andrew P. Cotter*
Andrew P. Cotter
CLIFFORD & CLIFFORD, LLC
62 Portland Rd., Suite 37
Kennebunk, ME 04101
(207) 985-3200